**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO CESAR DOMINGUEZ - CRUZ,

Defendant - Appellant.

No. 05-5133

(N.D. Oklahoma)

(D.C. No. 05-CR-014-P)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Julio Cesar Dominguez-Cruz entered a conditional plea of guilty to one count of conspiracy to possess with intent to distribute, and to distribute, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(I), and 846. He was sentenced to 135 months' imprisonment, followed by five years of supervised release, and was assessed a fine of $5000 and a special assessment of $100. In his plea agreement, Dominguez-Cruz reserved the right to appeal the district court's denial of his motion to suppress. He now appeals that ruling.

## BACKGROUND

On February 4, 2005, Oklahoma Highway Patrol Trooper Branson Perry stopped a 1998 Jeep Cherokee, in which Dominguez-Cruz was a passenger, for following the car in front of it, a BMW, too closely. According to Trooper Perry, the Jeep was approximately eight feet behind the BMW, and the two vehicles were traveling approximately 45 to 55 miles per hour, as they approached a toll booth on an interstate highway. At the time, approximately 1:05 a.m., the weather was clear and traffic was light. Trooper Perry testified that, based on his experience dealing with car accidents, he considered the interval between the vehicles unsafe because "[w]hen you're less than a car length behind another vehicle, . . . you cannot stop that vehicle in time to keep from running into it if they slam their brakes on." Tr. of Mot. to Suppress Hr'g at 23, Appellant's App.

-2-

at 30. Trooper Perry stopped the Jeep after it passed through the toll booth, and Trooper Perry's partner, Trooper Gene Hise, stopped the BMW for failure to use a turn signal prior to a lane change.

After exiting his patrol car and approaching the Jeep, Trooper Perry asked the driver, Nati Ortiz, to accompany him to the patrol car. There, Ortiz denied that the Jeep and BMW were traveling together. Trooper Perry then spoke with Trooper Hise and learned that the BMW's driver had indicated that the vehicles were traveling together. When Trooper Perry returned to his patrol car and asked Ortiz about this, Ortiz acknowledged he had lied. After issuing a warning and returning Ortiz's documents, Trooper Perry obtained Ortiz's consent to search the Jeep. Meanwhile, Trooper Hise was walking a drug dog around the BMW. When Trooper Perry went to ask Trooper Hise for assistance in conducting the search, he learned that the drug dog had alerted to drugs in the BMW. Trooper Perry and Trooper Hise then found heroin in the driver's side compartment of the BMW. All occupants of the BMW and Jeep, including Dominguez-Cruz, were then placed under arrest. According to Trooper Perry, twenty to thirty minutes had elapsed from the time of the initial stop to the time of the arrests. Although the drug dog was walked around the Jeep, it did not alert to drugs in the Jeep, and no drugs were found in the Jeep.

After Dominguez-Cruz was charged, he filed a motion to suppress, arguing that the videotape recording of the stop[1] should be suppressed because the initial stop of the Jeep was "without probable cause, [and] his detention was illegal." Mot. to Suppress at 2, R. doc. 31.[2] The district court referred the matter to a magistrate judge, who recommended the motion be denied. The judge also held that the continuing detention of Dominguez-Cruz was justified based on the inconsistent responses given by Ortiz and the BMW's driver, the drug dog's alert, and the discovery of drugs in the BMW. Dominguez-Cruz submitted written objections to the magistrate judge's recommendation. The district court overruled these objections, adopted the magistrate judge's findings, and denied the motion to suppress.

As indicated above, Dominguez-Cruz's subsequent plea agreement reserved his right to appeal the district court's denial of his motion to suppress. On

---

[1]The videotape recording was made by Trooper Perry's patrol car, which automatically turned on the recording when the car's emergency lights were activated.

[2]We note that neither the district court pleadings concerning Dominguez-Cruz's motion to suppress, nor the magistrate judge's report and recommendation, the findings of which were adopted by the district court, were included in the record on appeal. We note further that it is the appellant's duty to "do whatever . . . is necessary to enable the [district court] clerk to assemble and forward the record." Fed. R. App. P. 11(a); see United States v. Hart, 729 F.2d 662, 671 (10th Cir. 1984) ("When an appellant asserts that [a ruling] should be reversed because of a particular error and the record does not permit the reviewing court to evaluate the claim, the court will generally refuse to consider it.").

-4-

appeal, he renews his arguments that the initial stop of the Jeep was invalid and that "the protracted detention of his person . . . was excessive and constituted an illegal arrest." Appellant's Br. at 10.

## DISCUSSION

When reviewing the district court's denial of a motion to suppress, "we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment." United States v. Angelos, 433 F.3d 738, 744 (10th Cir. 2006) (internal quotation omitted). In the context of traffic stops,[3] we determine reasonableness using the framework set forth in Terry v. Ohio, 392 U.S. 1 (1968), "asking first 'whether the officer's action was justified at its inception,' and second 'whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" United States v. Bradford, 423 F.3d 1149, 1156 (10th Cir. 2005) (quoting Terry, 392 U.S. at 20). We have held that an initial stop is valid "'if the stop is based on an observed traffic violation or if the police officer has

---

[3]The government has not contested Dominguez-Cruz's standing to challenge the stop of the vehicle of the detention of his person. We have held that passengers may bring such challenges. United States v. Eylicio-Montoya, 70 F.3d 1158, 1164 (10th Cir. 1995).

reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring.'" United States v. DeGasso, 369 F.3d 1139, 1143 (10th Cir. 2004) (quoting United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc)).

Here, Trooper Perry based the initial stop of the Jeep on his assertion that it was following the BMW in front of it too closely. Oklahoma law states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Okla. Stat. tit. 47, § 11-310(a). In his report and recommendation, adopted by the district court, the magistrate judge specifically found, based on Trooper Perry's testimony that "considering the speed of the vehicles, the traffic and the road conditions, he did not consider a distance of a car-length or less to be reasonable and prudent," there was an "objective justification" for concluding that a violation of the statute had occurred. Report & Recommendation at 5, R. doc. 53. We see no basis for considering this finding clearly erroneous. We therefore agree that the initial stop was reasonable.

Dominguez-Cruz also argues that his continued detention was unreasonably extended. "A stop generally ends when the officer returns the driver's license, registration, and insurance information. At this point, questioning must cease and

the driver [and his passengers] must be free to go." United States v. Manjarrez, 348 F.3d 881, 885 (10th Cir. 2003) (citation omitted). However, this general rule "is subject to a significant exception permitting an officer to engage in further [investigation] unrelated to the initial stop if he has probable cause, the consent of the suspect, or, at a minimum, a reasonable suspicion of criminal activity." United States v. Ozbirn, 189 F.3d 1194, 1199 (10th Cir. 1999).

Here, after the Jeep's driver, Ortiz, was given a warning and his documents were returned, he agreed to Trooper Perry's request that he answer further questions and allow the Jeep to be searched. There is no indication that Trooper Perry exercised a "coercive show of authority" that would lead us to consider Ortiz's consent involuntary. See United States v. Bustillos-Munoz, 235 F.3d 505, 515 (10th Cir. 2000) (internal quotation omitted). In addition, by that point, Trooper Perry had also established, by Ortiz's admission that he had previously lied, that the Jeep and BMW were traveling together. Thus, the drug dog's alert on the BMW established probable cause sufficient to warrant the continued detention of the Jeep and its occupants while the BMW was searched. See United States v. Rosborough, 366 F.3d 1145, 1153 (10th Cir. 2004).

We therefore conclude that Dominguez-Cruz's stop and continued detention were reasonable under the Fourth Amendment. Accordingly, we conclude that Dominguez-Cruz's motion to suppress was properly denied.

## CONCLUSION

For the foregoing reasons, the district court's denial of the motion to suppress is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge